## McBUTT *a.* MURRAY.

*New York Common Pleas; Special Term, January,* 1860.

### JURISDICTION OF STATE COURT.—PARTIES.

The fact that the goods to recover possession of which an action is brought in a State court, are detained under claim by a quasi government official of the United States,—*e. g.*, the keeper of a bonded warehouse,—where the government makes no claim in respect to the goods, does not constitute any objection to the jurisdiction of the court.

Motion to dismiss complaint.

HILTON, J.—The plaintiffs stored a quantity of goods with the defendant, who was keeper of a government bonded warehouse; all the duties having been paid, the defendant detained the property, claiming a lien upon it for storage to a greater amount than the plaintiffs considered him entitled to under the contract previously made between them respecting the storage; and, thereupon, this action was brought, claiming the delivery of the property, and which it is admitted has been taken by the sheriff and delivered over to the plaintiffs.

The defence set up is, that the defendant had a lien upon the goods for storage, and rightfully detained them until the lien was discharged.

The plaintiffs having rested, I am asked to dismiss the complaint upon two grounds. 1st. That this court has no jurisdiction of such an action, because the goods were detained by defendant under the authority of the revenue laws, and the regulations of the department made in pursuance of those laws. 2d. That if an action of this nature will lie, there is a defect of parties. That the goods being in the joint custody of the custom-house officer and the defendant, both should have been joined as parties defendant.

I am unable to perceive how either of these objections can arise in the present case. The action is of the ordinary kind for the purpose of enforcing the plaintiffs' right to their property,

illegally detained from them. The government makes no claim in respect to the goods,—all duties on them having been paid,—and, therefore, it cannot be said that they are detained under any revenue law of the United States.

The fact of the defendant being a quasi government official is not of itself sufficient to deprive a State court, of jurisdiction of an action against him, even when he claims to have acted in his official capacity in respect to the matter which is the subject of the suit; showing as a defence that his conduct complained of was within the requirement of a positive law of the United States, would probably entitle him to a judgment in his favor, but does not deprive the local common-law tribunals from passing upon the question, as to whether he so acted. (Teall *a.* Felton, 1 *Comst.*, 537.)

The objection that there is a defect of parties defendant, not having been taken either by demurrer or answer, must be deemed waived. (*Code,* §§ 144, 148.) And, indeed it seems to me, that a fatal answer to the objections is, that the defence upon which they are predicated does not arise upon the pleading.

Motion to discharge complaint denied.